IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Joshua Thrift, Jeffrey Thrift, and Brenda Thrift, | ) ) C.A. No.: 7:06-1086-HMH |
| Plaintiffs, | ) ) **OPINION & ORDER** |
| vs. | ) ) |
| Ford Motor Credit Co., | ) ) |
| Defendant. | ) |

This matter is before the court on Joshua Thrift, Jeffrey Thrift, and Brenda Thrift's (collectively "Plaintiffs") motion to remand. The Plaintiffs originally filed suit in the Court of Common Pleas of Spartanburg County, South Carolina alleging negligent misrepresentation, conversion, fraud, and statutory claims under the South Carolina Consumer Protection Code, South Carolina Code of Laws section 37-1-101 et seq., and the South Carolina Unfair Trade Practices Act, South Carolina Code of Laws section 39-5-10 et seq. The complaint did not specify the amount of damages the Plaintiffs are seeking. On April 7, 2006, Ford Motor Credit Co. ("FMCC"") removed the case to federal court on the basis of diversity jurisdiction. See 28 U.S.C. § 1332 (West 1993 & West Supp. 2005). In the motion to remand, the Plaintiffs state that "[t]here is no showing, either in the Complaint or in FMCC's Notice of Removal, where the alleged debt or matter in controversy exceeds $75000 [sic]." (Pls.' Mem. Supp. Remand 1.)

Without a basis for federal subject matter jurisdiction, the court must remand the case to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that

1

the district court lacks subject matter jurisdiction, the case shall be remanded."). A post-removal event, such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit, does not deprive a federal court of diversity jurisdiction. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938); see also Shanaghan v. Cahill, 58 F.3d 106, 112-13 (4th Cir. 1995) (recognizing that under 28 U.S.C. § 1367 retaining state law claims in a diversity action after a post-removal event reduces the amount in controversy below the jurisdictional limit is a matter within the sound discretion of the district court). Nevertheless, various jurisdictions have found that a post-removal stipulation "that damages will not exceed the jurisdictional minimum can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint." See Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3725, at 118 (3rd ed. 1998); see also Ferguson v. Wal-Mart Stores, Inc., No. 94-2696, 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994) (unpublished) (remanding case when the plaintiff alleged an unspecified amount of damages and clarified the amount of damages sought was below the jurisdictional amount by filing a post-removal stipulation);[1] Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1997) ("A post-removal stipulation or amendment of the complaint to allege damages below the jurisdictional amount will not destroy federal jurisdiction once it has attached. However, when facing indeterminate claims, . . . the court may consider a stipulation filed by the plaintiff that the claim does not exceed"

---

[1] The court recognizes that, absent unusual circumstances, the citation of unpublished opinions of the Fourth Circuit is disfavored. See U.S. Ct. App. 4th Cir. Rule 36(c). However, because there is no published opinion in the Fourth Circuit on point, the court believes its reference to the above-mentioned cases is relevant and appropriate.

the jurisdictional amount. (Internal quotation marks omitted.)); Compare Woodward v. Newcourt Commercial Fin. Corp., 60 F. Supp.2d 530, 532-33 (D.S.C. 1999) (distinguishing Ferguson).

In the instant motion, the Plaintiffs state that "[t]here is no showing, either in the Complaint or in FMCC's Notice of Removal, where the alleged debt or matter in controversy exceeds $75000 [sic]." (Pls.' Mem. Supp. Remand 1.)  The court interprets this statement as a stipulation that the Plaintiffs cannot recover a total amount of actual and punitive damages with respect to all claims exceeding the sum of $75,000.00, exclusive of interest and costs. Accordingly, the court is without subject matter jurisdiction and remands the case to the state court.

It is therefore

**ORDERED** that the Plaintiffs' motion to remand is granted.  The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Spartanburg County, South Carolina.  Furthermore, with respect to all claims, the Plaintiffs are barred from recovering a total amount of actual and punitive damages exceeding seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
April 13, 2006